**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

BRANDON ATCHLEY                                                                                      PLAINTIFF
ADC #140054

V.                                            NO: 1:12CV00070 KGB/HDY

JENNIFER HORN *et al.*                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Brandon Atchley, an inmate at the Arkansas Department of Correction ("ADC") Grimes Unit, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 20, 2012, alleging that he was denied adequate medical care for a finger injury. On October 26, 2012, Defendants Jennifer Horn, Melvin Nance, and Billy Cowell, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #11-#13). Plaintiff filed a response on November 21, 2012 (docket entry #18). Defendants filed a reply to Plaintiff's response on November 28, 2012 (docket entry #19), and Plaintiff replied to Defendants' reply on December 5, 2012 (docket entry #20).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claim that Plaintiff failed to exhaust his administrative remedies, Defendants have provided the declaration of Sherrie Williams, the ADC's medical grievance investigator (docket entry #13-1). According to Williams, Plaintiff filed only one medical grievance prior to July 20, 2012, did not appeal the grievance response, and therefore did not exhaust his administrative remedies. Williams attached the ADC's grievance policy to her declaration.

According to the policy, to fully appeal a medical grievance, an inmate must complete three steps: an informal resolution attempt using a grievance form, then a formal grievance on the same form, and then an appeal to the deputy director. Although Plaintiff attempted to proceed to the second step, his formal grievance was untimely under ADC policy, and was therefore rejected.[1] The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have demonstrated that Plaintiff failed to properly exhaust his administrative remedies under the ADC policy. Plaintiff has offered nothing in response to demonstrate proper exhaustion of his administrative remedies before he filed this lawsuit. No material facts are in dispute and Defendants' motion should be granted.

Because Plaintiff's claims against Horn, Nance, and Cowell, should be dismissed, the only Defendants remaining are Does. However, no name has been provided for the Does, and they have not been served. Accordingly, Plaintiff's claims against the Does should also be dismissed. *See* Fed.R.Civ.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint). In light of this recommendation, all other pending motions should be denied as moot.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendants' motion for summary judgment (docket entry #11) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

---

[1] ADC grievance policy requires an inmate to proceed to step two within three working days of receiving the initial response (docket entry #13-1, pages #11 & #12). Plaintiff signed for his informal response on April 11, 2012, but did not attempt to proceed to step two until April 25, 2012 (docket entry #13-1, page #3).

    2.    All other pending motions be DENIED AS MOOT.

    3.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __28__ day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE